ROGERS, Justice.
 

 I concur in the decree affirming the judgment of the district court for these reasons : The Humble Oil Company is producing oil from a tract of land in Evangeline Parish under a mineral lease granted by Arceus Guillory, the landowner. The controversy involves a %2 royalty interest in the oil,, produced between Guillory the lessor and a number of persons claiming the royalty interest in various proportions. The facts are not disputed. On January 19, 1923, Arceus Guillory sold to Augustus H. Garland a %2 royalty interest in the land. On August 4, 192S, Garland sold a %4 royalty interest (% of the royalty interest purchased from Guillory) to R. H. Hallowell, purporting to act for himself and as trustee for O. D. Keller, S. M. Lee and C. H. Fenstermaker. On September
 
 7,
 
 1923, Garland sold a %4 royalty interest (the remaining % of the royalty interest purchased from Guillory) to H. Mark Journee. The oil was first produced from the land and the royalty began to accrue under the lease granted to the Humble Oil Company on
 
 *330
 
 February 13, 1942. The assignees from Garland and from Journee and their heirs are parties defendant to this litigation. All these defendants base their claim to the
 
 V32
 
 royalty interest sold by Guillory to Garland on January 19, 1923, on the fact that Mrs. Mattie K. Andrews Fenstermaker, wife of C. F. Fenstermaker, one of the parties named in the deed from Garland to Hallowell, died on March 21, 1928, leaving four minor children who inherited her undivided half interest in and to the rights, if any, acquired by Fenstermaker from Garland. -
 

 Defendant Arceus Guillory, the owner of the land, claims ownership of the
 
 V32
 
 royalty interest in dispute on the ground that his sale of the royalty interest to Garland was restricted to the royalties to be paid under the existing lease in favor of the Louisiana Oil and Refining Company, and as that lease had expired by limitation any rights acquired by Garland or his assignees had likewise expired and also on the further ground that since oil was not produced on his land until February 15, 1942, under the lease to the Humble Oil Company, executed on January 13, 1938, all rights that may have been acquired by Garland and his vendees under the deed of January 19, 1923, have become prescribed and he specially pleaded the prescriptions of ten years liberandi causa and acquirendi causa.
 

 It is admitted by all of the royalty claimants that the question in dispute is whether the
 
 Vs2
 
 royalty interest that Garland acquired from Guillory and transferred to Hallowell and Journee is still outstanding and owned by the royalty claimants, or whether that interest has become prescribed. All of the defendants as against the defendant Guillory base their claim to the %2 royalty interest involved in the litigation on the alleged fact that the minor children of Mrs. Mattie K. Andrews Fenstermaker became owners of an interest in the royalty by virtue of the death of their mother and as ten years prescription liberandi causa had not run at the time of her death, the prescription was suspended as to the minors and also as to all their major co-owners.
 

 It appears to be conceded by all of the parties claiming the
 
 V32
 
 royalty interest in dispute, that the question of whether prescription was suspended depends solely on whether C. H. Fenstermaker did in fact acquire an interest in the royalty under the deed executed by Garland to Hallowell, purporting to act for himself, Fenstermaker, Keller and Lee, because if Fenstermaker did acquire an interest in the royalty, as a result of the deed executed by Garland to Hallowell, prescription was suspended as to all the royalty claimants. On the other hand, if Fenstermaker did not acquire any interest in the royalty by virtue of the deed in question, his minor children acquired none as the result of the death of their mother and hence the prescription of ten years liberandi causa was never suspended.
 

 In passing upon this issue, the judge of the district court held that Fenstermaker
 
 *331
 
 never acquired title to any portion of the royalty interest in dispute and as a consequence his minor children had no interest therein and their minority never suspended the running of prescription against royalty rights acquired by Garland or his purported assignees, which rights became prescribed on January 19, 1933.
 

 In support of his holding, the judge assigned the following reasons, in which I concur:
 

 “The act of sale from Augustus Hill Garland to R. M. Hallowell, for self and as trustee for Fenstermaker et al., is an ex parte deed signed only by Augustus Hill Garland. There is no evidence in the record that any of the vendees named in the deed were even present when the conveyance was attempted to have been made by Garland; there is also no legal evidence in the record of any authority to R. M. Hallowell to purchase the royalty interest for the account of Keller, Lee or Fenstermaker, nor any subsequent transfer by him to his purported principals, nor that the purported vendees ever exercised any acts of ownership on the royalty interest until the filing of this suit, more than 19 years after the deed was signed by Augustus Hill Garland. * * * ”